LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
9300 East Raintree Drive, Suite 120
Scottsdale, Arizona 85260
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ALEKSANDR HEIT, individually and d/b/a SHOOSHTIME.COM and d/b/a SHOOSH.CO,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff, AMA Multimedia LLC (hereinafter referred to as "Plaintiff") by and through its counsel, files this complaint against Defendant Aleksandr Heit, individually and d/b/a Shooshtime.com, and the Doe Defendants (collectively hereinafter referred to as "Defendant" or "Defendants").

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff AMA Multimedia LLC is a Nevada limited liability company with it principal place of business in Las Vegas, Nevada.

2. Defendant Aleksandr Heit, in conjunction with the Doe defendants, owns and/or operates Shooshtime.com and/or Shoosh.co, Internet web sites that display and distribute adult oriented videos, content, and services. Aleksandr Heit is a resident of Maricopa County, Arizona.

3. The Shooshtime.com domain name is held by Domains By Proxy, LLC using registrar GoDaddy.com, LLC. Domains By Proxy, LLC is a Delaware limited liability company registered and doing business in Arizona. GoDaddy.com, LLC is a Delaware limited liability company registered in Arizona and doing business in Arizona.

4. The owner(s) of Shooshtime.com attempt to hide their identity through the use of Domains By Proxy, LLC.

5. Upon information and belief, the infringed copyrighted material claimed to be displayed on Shooshtime.com is located, served through and/or maintained on servers owned by Easy Online Solutions, Ltd, d/b/a Mojohost, registered to do business in Bingham Farms, Michigan.

6. The Shoosh.co domain name is also held by Domains By Proxy, LLC using registrar GoDaddy.com, LLC, and the owner(s) of Shoosh.co attempt to hide their identity through the use of Domains By Proxy, LLC.

7. Upon information and belief, the infringed copyrighted material claimed herein to be displayed on Shoosh.co is also located, served through and/or maintained on servers owned by Easy Online Solutions, Ltd, d/b/a Mojohost.

8. The Court has personal jurisdiction over the Defendants, who have engaged in business activities in this District and directed to this District, and who have committed tortious acts within this District or directed at this District. *See*, 28 U.S.C. §§1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

9. Any alien defendant is subject to jurisdiction in any district. *See* 28 U.S.C. 1391 ("An alien may be sued in any district.") *See also* Fed. R. Civ. P. 4(k)(2).

10. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

11. Venue is appropriate in this District pursuant to 28 U.S.C. §§1391(b), (c).

12. The named Plaintiff, AMA Multimedia, LLC ("AMA") is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

13. Plaintiff AMA produces adult audiovisual material, which it distributes through DVD sales and the World Wide Web via its web sites under its known brands "Passion-HD" and "Porn Pros," among others.

14. The AMA websites, a network of twenty plus adult entertainment properties, are paid membership sites featuring over 1000 models in exclusive content.

15. AMA is the rightful copyright, trademark, and intellectual property owner of the respective United States copyrights, trademarks and intellectual property that is the basis for this action.

16. AMA holds over 900 U.S. Copyright Registrations for its audiovisual work and 12 Trademarks for its brands, including for all works listed in this Complaint.

17. AMA is the respective producer, distributor, and exclusive licensor of its own motion pictures in the United States as well as throughout the world.

18. AMA has registered with the United States Copyright Office the copyrighted works identified in this Complaint.  Plaintiff's videos are watermarked with Plaintiff's readily identifiable logo.

19. AMA's Porn Pros trademark and service mark has been continuously used in commerce since February 2008.  U.S. Trademark Registration No. 3566875 was registered on January 27, 2009.

20. AMA engages in extremely limited licensing of its content to other entities or websites for viewing, in addition to the small sample of promotional materials provided to affiliates for the sole purpose of the affiliates' promoting AMA property. Any licensing is done with the intent for brand exposure and is limited to a small subset of hand-selected content. Predominantly, the AMA business model is simply that a user must be a paid member to an AMA site to view AMA works.

21. AMA has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark Porn Pros. As a result, the purchasing public has come to know, rely upon and recognize the mark Porn Pros as an international brand of high quality adult entertainment.

22. AMA's Passion-HD.com trademark and service mark has been continuously used in commerce since December 2011. U.S. Trademark Registration No. 4190291 was registered on August 14, 2012.

23. AMA has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark Passion-HD.com. As a result, the purchasing public has come to know, rely upon and recognize the mark Passion-HD.com as an international brand of high quality adult entertainment.

24. AMA's Passion-HD trademark and service mark has been continuously used in commerce since December 2011. U.S. Trademark Registration No. 4251457 was registered on November 27, 2012.

25. AMA has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark Passion-HD. As a result, the purchasing public has come to know, rely upon and recognize the mark Passion-HD as an international brand of high quality adult entertainment.

26. AMA's Castingcouch-x.com trademark and service mark has been continuously used in commerce since October 2012. U.S. Trademark Registration No. 4575672 was registered on July 29, 2014.

27. AMA has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark Castingcouch-x.com. As a result, the purchasing public has come to know, rely upon and recognize the mark Castingcouch-x.com as an international brand of high quality adult entertainment.

28. AMA's FantasyHD trademark and service mark has been continuously used in commerce since April 2013. U.S. Trademark Registration No. 4591117 was registered on August 26, 2014.

29. AMA has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark FantasyHD. As a result, the purchasing public has come to know, rely upon and recognize the mark FantasyHD as an international brand of high quality adult entertainment.

30. AMA Tiny4k.com trademark and service mark has been continuously used in commerce since May 2014. U.S. Trademark Registration No. 4678642 was registered on January 27, 2015.

31. AMA has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark Tiny4k.com. As a result, the purchasing public has come to know, rely upon and recognize the mark Tiny4k.com as an international brand of high quality adult entertainment.

32. Upon information and belief, Defendants conduct business as Shooshtime.com, operate the websites, and derive direct financial benefit through advertising sales on the websites.

33. Defendants compete against Plaintiff AMA in the distribution and sale of adults-only audio-visual works through Internet distribution and divert potential customers from AMA.

34. Defendants have not registered Shooshtime.com as an Internet Service Provider with United States Copyright Office.

35. Defendants have not appointed a Digital Millennium Copyright Act ("DMCA") Agent nor registered the DMCA Agent with the U.S. Copyright Office.

36. Defendants do not implement a reasonable repeat infringer policy on Shooshtime.com.

37. Defendants do not qualify for safe harbor protections under the DMCA for infringements on Shooshtime.com.

38. Upon information and belief, there are other individuals and/or entities who have acted in concert with the Defendants, but whose true names and capacities are presently unknown to Plaintiff AMA. By this reference, AMA avers that any of the "DOE" or unknown parties are jointly and severally liable for the damages asserted herein, and AMA will seek leave to amend upon discovery of identifying information.

**STATEMENT OF FACTS**

39. Congress' implementation of safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") provides true internet service providers with protection against liability for copyright infringement resulting from the actions and/or postings of their users. As a primary example, the safe harbor protections provide YouTube.com with protection from liability should one of its users post a copyright protected video without authority or license.

40. The DMCA safe harbor provisions have been systematically abused by internet copyright infringers in an attempt to garner protection for pirate websites displaying copyrighted adult entertainment content without license or authority for free viewing to the public. Under a veneer of DMCA compliance, the owners and operators attempt to hide behind the safe harbor provisions while monetizing the website through premium membership programs and substantial advertising contracts.

41. Defendants have not appointed a DMCA Agent nor registered the DMCA Agent with the U.S. Copyright Office.

42. Shooshtime.com is such a pirate website, displaying copyrighted adult entertainment content without authorization or license.

43. Defendants host adult entertainment videos and/or host embedded code for adult entertainment videos to permit a user to view videos on Shooshtime.com for free.

- 6 -

44. Defendants source and place Plaintiff's copyrighted adult entertainment on their web site Shooshtime.com.

45. There are no upload capabilities on Shooshtime.com. Therefore, all videos and content are placed on Shooshtime.com by the Defendants and/or by agents of Defendants at the direction and/or instruction by and on behalf of Defendants.

46. Defendants sell advertising space on Shooshtime.com in several forms, including front load pop-up advertising and advertising banners on space in close proximity to free videos, often geocentric.

47. Videos on Shooshtime.com may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via to Email to anyone regardless of age or location. Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

48. Shooshtime.com fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.

49. Shooshtime.com is not registered as an Internet Service Provider with the U.S. Copyright Office and fails to have a registered DMCA Agent.

50. In or about October 2015, and for an unknown time before and up to the present, Defendants' website Shooshtime.com displayed 67 of Plaintiff's copyright registered works over 120 separate and distinct URLs - each a part of Shooshtime.com. These copyrighted words and their corresponding Shooshtime.com page are listed in **Exhibit A**, attached hereto. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works.

51. The thumbnail images specific to the videos posted and displayed on Shooshtime.com are hosted by and delivered to the viewer through a second website located at Shoosh.com.

52. The infringement of intellectual property on Shooshtime.com is not limited to the unlawful display of Plaintiff's copyrighted works. In each instance of copyright infringement, Defendants have also infringed Plaintiff's registered trademarks.

53. For Plaintiff's videos that are displayed without authority on Shooshtime.com, the Defendants have caused Plaintiff's trademarks to be used in the meta tags and/or meta descriptions for the URL of the infringing video.

54. A meta tag is an HTML (hypertext markup language) code embedded on a Web page that is used by the website owner to identify the site content. Meta tags are powerful tools because they have a direct effect on the frequency with which many search engines will find a website.

55. Meta tags and/or meta descriptions are used by Internet search engines as an indexing tool to determine which sites correspond to search terms provided by a user.

56. Meta tags do not affect the appearance of a website and are not visible when you look at a page, but they provide information regarding the content of the site.

57. Some websites use meta tags in a deceptive manner to lure Web surfers. Instead of using terms that properly describes the site, some programmers substitute the names of competing companies. For example, a rival shoe manufacturer may bury the meta tag "Nike" in its Web page to lure Web surfers searching for Nike products. In the case of the website selling handmade watches, the meta tag might include "Rolex, Swatch, Bulova, Cartier."

58. By using AMA's trademarks in Defendants' meta tags and/or meta descriptions, Defendants use Plaintiff's trademarks in commerce and in connection with their promotions, sales, and advertising.

59. The use of AMA's trademarks in Defendants' meta tags and/or meta descriptions is likely to cause confusion to the end users/consumers.

60. For example, many of the videos displayed without authority or license on Shooshtime.com include "FantasyHD," an AMA trademark, in the meta tags and/or meta description. Thus, a user utilizing an internet search engine searching for "FantasyHD" will discover that Plaintiff's videos can be viewed for free on Shooshtime.com. This will and does create confusion on behalf of the user that Shooshtime.com is an authorized distributor of Plaintiff's videos and, importantly, a belief that Plaintiff's videos are available for free viewing.

61. Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles or else is willfully blind to the rampant infringement. The infringement is clear and obvious even to the most naïve observer. Plaintiff's films are indexed, displayed and distributed on Defendants' website through Defendant and the Doe Defendants acting in concert. Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

62. By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

63. Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights in the copyrighted works. Defendants disregard for copyright trademark laws threaten Plaintiff's business.

64. Defendants intentionally, knowingly, negligently, or through willful blindness avoided precautions to deter rampant copyright infringement on their website.

65. Defendants make no attempt to identify any individual providing the works, where the individual obtained the works, whether the individuals had authority to further reproduce and distribute the works or if such parties even exist.

66. Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

### FIRST CAUSE OF ACTION
### Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.*
### Against All Defendants

67. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

68. Plaintiff holds the copyright on each of the infringed works alleged herein.

69. Plaintiff registered each copyright with the United States Copyright Office.

70. At all pertinent times, Plaintiff is the producer and registered owner of the audiovisual works illegally and improperly reproduced and distributed by Defendants.

71. Defendants copied, reproduced, reformatted, and distributed AMA's copyrighted works by and through servers and/or hardware owned, operated and/or controlled by Defendants.

72. Defendants did not have authority or license to copy and/or display Plaintiffs original works.

73. Defendants infringed Plaintiff's copyrighted works by reproducing and distributing works through Defendants' website without property approval, authorization, or license of Plaintiff.

74. Defendants knew or reasonably should have known they did not have permission to exploit Plaintiffs' works on Shooshtime.com and further knew or should have known their acts constituted copyright infringement.

75. Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them. Defendants failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

76. Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiff's copyrighted works.

77. The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue.

78. Based on information and belief, Defendants actively uploaded pirated copyrighted files and/or embedded code-enabling users of Shooshtime.com to view copyrighted videos and images.

79. Defendants controlled the files owned by Plaintiff and determined which files remained for display and distribution.

80. Defendants never adopted procedures to ensure that distribution of Plaintiff's copyrighted materials would not occur. Further, Defendants never implemented or enforced a "repeat infringer" policy.

81. Defendants were aware, either actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants websites.

82. Defendants, through Shooshtime.com affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

83. Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff's registered copyrights.

84. Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. *See* 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

85. The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

86. Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

87. The law permits Plaintiff injunctive relief pursuant to 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

88. Plaintiff is further entitled to its attorneys' fees and its full costs here pursuant to 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION**
**Contributory Copyright Infringement**
**Against All Defendants**

89. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

90. Unknown individuals, without authorization, reproduced and distributed Plaintiff's works through Defendants' websites, directly infringing Plaintiff's copyrighted works.

91. Defendants contributed to the infringing acts of those individuals.

92. Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

93. Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through Defendants' website without regard to copyright ownership.

94. Defendants had the ability and obligation to control and stop the infringements. Defendants failed to do so.

95. Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

96. Defendants received direct financial benefits from the infringements.

97. On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

98. The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendant enables, causes, materially contributes to and encourages through the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

99. The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

100. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

101. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or

such other amounts as may be proper under 17 U.S.C. § 504(c).

102. Plaintiff is further entitled to its attorneys' fees and its full costs here pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION
### Vicarious Copyright Infringement
### Against All Defendants

103. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

104. Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff's works through Defendants' website, directly infringing Plaintiff's copyrighted works.

105. Defendants were actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

106. Defendants were able to control or completely end the illegal and improper infringement, but failed to do so.

107. Defendants contributed materially to the infringement.

108. Defendants received direct financial gain/profit from the infringing activity.

109. The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

110. The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

111. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

112. Plaintiff is further entitled to its attorneys' fees and its full costs pursuant to 17 U.S.C. § 505.

**FOURTH CAUSE OF ACTION**
**Inducement of Copyright Infringement**
**Against All Defendants**

113. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

114. Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiff's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendants' website.

115. On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

116. Defendants' actions constitute inducing copyright infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

117. The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

118. The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

119. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted

works, Plaintiffs are entitled to actual damages and its profits pursuant to 17 U.S.C. §504(b).

120. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

121. Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**FIFTH CAUSE OF ACTION**
**Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.***
**Against All Defendants**

122. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

123. By virtue of its trademark registrations, Plaintiff has the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including Internet markets.

124. Defendants' use of Plaintiff's registered trademarks and service marks is in a manner likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

125. Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, and is causing irreparable hard to Plaintiff for which there is no adequate remedy at law, thus Plaintiff are entitled to statutory and treble damages.

**SIXTH CAUSE OF ACTION**
**Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.***
**Against All Defendants**

126. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

- 16 -

127. By virtue of its trademark registrations, Plaintiff has the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including Internet markets.

128. Defendants' actions that encouraged use of Plaintiff's registered trademarks and service marks in manners likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

129. Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, and is causing irreparable hard to Plaintiff for which there is no adequate remedy at law, thus Plaintiff are entitled to statutory and treble damages.

**SEVENTH CAUSE OF ACTION**
**False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et. seq.***
**Against All Defendants**

130. Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

131. Upon information and belief, Defendants' conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

132. Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

133. Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

## JURY DEMAND

134. Should this matter be set to trial, Plaintiff AMA hereby demands a trial by jury for the matters asserted herein.

## PRAYER FOR RELIEF

A. That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1) Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to www.Shooshtime.com and/or www.Shoosh.co.;

(2) Permitting any user, including Defendants and its agents to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to www.Shooshtime.com and/or www.Shoosh.co.; and

(3) Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B. That Defendants be ordered to transfer the domain www.Shooshtime.com and/or www.Shoosh.co, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.Shooshtime.com and/or www.Shoosh.co, and the content therein to Plaintiff.

C. That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

1  D. That Plaintiff be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E. That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff's trade dress and terms;

F. That Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G. That Plaintiff be awarded enhanced damages and attorneys' fees;

H. That Plaintiff be awarded pre-judgment and post-judgment interest;

I. That Plaintiff be awarded its full amount of costs and expenses incurred in prosecuting this action, including expert witness fees; and

J. That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

DATED this 11th day of November, 2015.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
9300 E. Raintree Drive, Suite 120
Scottsdale, Arizona 85260
*Attorneys for Plaintiff*